IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRACY N. LOMAX,                                         CV. 04-1604-MA

        Petitioner,                                ORDER

  v.

CHARLES DANIELS,

        Respondent.

MARSH, Judge

    Petitioner, an inmate at FCI Sheridan, brings this § 2241 proceeding seeking to challenge the legality of his 1993 life sentence imposed by the U.S. District Court for the District of Nebraska. Petitioner alleges that his sentence was enhanced by the judge based upon facts not proven to a jury beyond a reasonable doubt. In his original supporting brief, petitioner argued that, based upon <u>Jones v. U.S.</u>, 526 U.S. 227 (1999), <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), "[p]etitioner is factually innocent of purported facts and conduct utilized to impose punishment based on the judge's

preponderance of the evidence findings, beyond what the jury verdict alone authorized." (Brief at 2.)

On December 28, 2004, I issued an order requiring petitioner to show cause why this proceeding should not be dismissed for lack of jurisdiction. Specifically, petitioner was ordered to demonstrate why a § 2255 motion was inadequate and ineffective to test the legality of his sentence. Petitioner was advised that he should not rely upon the argument that he is "actually innocent of the sentencing enhancement, by virtue of the decision in Blakely, because Blakely has not been made retroactive."

In response, petitioner now argues that the retroactivity of Apprendi, and Blakely is not dispositive because his challenge is premised upon In re Winship, 397 U.S. 358, 368 (1970)(applying reasonable doubt standard to adjudicatory stage of juvenile delinquency proceedings). In this regard, petitioner argues that "it is plainly obvious that the true nature of the "Apprendi rule" is in fact, a continuation and clarification of the Winship rule." (Response at 15.)

Petitioner's argument is based upon the faulty premise that the extension of the holding in Winship to sentencing enhancments is not a new rule which triggers retroactivity analysis. See U.S. v. Phillips, 2004 WL 2414819 *2 (D.Or. 2004) (Blakely announced new rule); Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000) (Apprendi announced new rule). Hence, despite petitioner's protestations to

the contrary, his challenge to the legality of his sentence necessarily is premised upon Blakely and United States v. Booker, 125 S.Ct. 738 (2005) (applying Blakely to federal sentencing guidelines). Because those decisions do not apply retroactively in collateral proceedings,[1] petitioner cannot demonstrate that he is actually innocent of the sentencing enhancement by virtue of the fact that the judge applied a preponderance of the evidence standard. Petitioner offers no other evidence of his actual innocence of the sentence enhancement.

Finally, I reject petitioner's suggestion that the Ninth Circuit's decisions in U.S. v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002)(holding that Apprendi is not retroactive), and Cook v. United States, 386 F.3d 949 (9th Cir. 2004)(holding that *Supreme Court* has not made Blakely retroactive), are no longer "good law" in light of the Supreme Court's decision in Schriro v. Summerlin, 124 S.Ct. 2519 (2004). The Ninth Circuit recently rejected an identical argument. See Cooper-Smith v. Palmateer, 397 F.3d 1236, 1246 (9th Cir. 2005) (adhering to holding that Apprendi does not apply retroactively despite Supreme Court holdings in Schriro and Blakely).

## CONCLUSION

---

[1] Martinez Cedillo v. United States, 2005 WL 67066 (D.Or. Jan. 11, 2005) (Blakely not retroactive); and Alcantara v. U.S., Cr. No. 00-188-01-KI (D.Or. Feb. 8, 2005) (Booker not retroactive).

3 -- ORDER

Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his sentence. Accordingly, petitioner's habeas corpus petition (#1) is DENIED, without prejudice, and this proceeding is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 25th day of May, 2005.

_/s/ Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge